UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Shahid L. A. Majid**, WCDC # 28, <br> *aka* Arthur R. Moseley, SCDC # 199398, <br><br> Plaintiff, <br><br> vs. <br><br> **Bojangles - Famous Chicken & Biscuits # 86**, <br><br> Defendant. | C/A No. 4:06-2446-HFF-JRM <br><br><br><br><br> Report and Recommendation |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Williamsburg County Detention Center in Kingstree, South Carolina. The plaintiff is also a former inmate of the South Carolina Department of Corrections. According to the South Carolina Inmate Database on the LEXIS® service, the plaintiff was released from the South Carolina Department of Corrections on October 6, 2005.

The defendant in the above-captioned case is a "fast food" retail establishment in Florence. The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil rights action arises out of tainted chicken allegedly consumed by the plaintiff on December 29, 2005. The chicken was

Dockets.Justia.com

"picked up" by a family member and taken to the plaintiff's residence. Fifteen minutes after eating the chicken, the plaintiff vomited and had to go to the Emergency Room at "McLeod Hospital" (McLeod Regional Medical Center in Florence). The plaintiff's exhibits (Entry No. 3-2) indicate that he submitted a "CUSTOMER INJURY ILLNESS REPORT" to the defendant. On his "CUSTOMER INJURY ILLNESS REPORT" form, the plaintiff requested "§ 1983 & Pain and suffering Doc. Bills!" In his prayer for relief on page 5 of the complaint (Entry No. 1), the plaintiff demands a jury trial and seeks four hundred fifty thousand dollars ($450,000) in compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

This case is subject to summary dismissal because the defendant has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983 or under the Bivens doctrine,[3] a plaintiff must allege that:

---

[3]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites*, *inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

   A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. *See* Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts
(continued...)

*(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law or federal law.  *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999).  *Cf.* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982)(court-appointed attorney does not act under color of state law).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted).  *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the

---

(...continued)
have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is

responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, Campbell v. Brummett, 504 U.S. 965 (1992).[4] *See also* Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf.* Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).

    The negligent undercooking of the chicken consumed by the plaintiff is not a constitutional violation. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the Bivens doctrine. *See* Daniels v.

---

[4]In this citation, there are variant spellings of the party known as Camble or Campbell.

Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying Daniels v. Williams: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Secondly, the Bivens doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 103 L.Ed.2d 249, 109 S.Ct. 998, 1989 U.S. LEXIS® 1039 (1989).

A civil action for negligence arising under South Carolina law would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied.  Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992), *affirmed*, Cianbro Corporation v. Jeffcoat and Martin, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table].  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332.[5]  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).

In the complaint, the plaintiff does not discloses whether "Bojangles - Famous Chicken & Biscuits # 86" operates as a corporation, sole proprietorship, or unincorporated association.  An on-line search of records from the South Carolina Secretary of State Office (available on the LEXIS® service) shows no listing for "Bojangles - Famous Chicken & Biscuits # 86."

The diversity statute provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business:

> (c) For the purposes of this section and section 1441 of this title—

---

[5] New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted.  Those new provisions are not applicable in the case sub judice.

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and
>
> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c).

A search of corporate information from the South Carolina Secretary of State's Office (available on the LEXIS® service) shows that there is a listing for an entity known as Bojangles of South Carolina, Inc., which is a domestic corporation (*i.e.*, a corporation that is incorporated in South Carolina):

> SOUTH CAROLINA SECRETARY OF STATE
> THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY

CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY

SOUTH CAROLINA SECRETARY OF STATE

Company Name: BOJANGLES' OF SOUTH CAROLINA, INC.
Type: DOMESTIC CORPORATION (PROFIT)
Status: MERGER
Filing Date: 3/18/1981
Date of Incorporation/Qualification: 3/18/1981
State or Country of Incorporation: SOUTH CAROLINA
Registered Agent: JOHN J MARTIN JR.
Internal Number: 342093

History:

File Date: 12/27/1984
Type: MISCELLANEOUS
Comments: AMENDMENT TO ARTICLES OF INCORPORATION

File Date: 3/18/1981
Type: MISCELLANEOUS
Comments: ARTICLES OF INCORPORATION FILED

(South Carolina Secretary of State Database on LEXIS® service [quotation downloaded on September 5, 2006]). Hence, if Bojangles of South Carolina, Inc., operates Bojangles - Famous Chicken & Biscuits # 86, the "true" defendant is a citizen of South Carolina.[6] If so, complete diversity of parties

---

[6]Although the South Carolina Secretary of State Database also discloses information on two (2) foreign corporations operating in South Carolina (Bojangles International, LLC, and Bojangles Restaurants, Inc., which are Delaware corporations that use CT Corporation
(continued...)

would be absent, *see* 28 U.S.C. 1332, and this federal court would lack subject matter jurisdiction over the plaintiff's state law claims in above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See also* United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). The plaintiff still has an available judicial remedy: he may bring suit against the defendant and any affiliated corporations in a Court of Common Pleas, such as the Court of Common Pleas for Florence County. *See* Turner v. Wilson, 227 S.C. 95, 86 S.E.2d 867 (1955)(upholding judgment for a plaintiff in a food poisoning case); § 36-2-801 *et seq.*, South Carolina Code of Laws; and World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 288-299 (1980).

## *Recommendation*

---

(...continued)
Systems as their registered agent), complete diversity of parties would still be absent in a suit arising under South Carolina law against all three "Bojangles" corporations. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                            Respectfully submitted,

September 7, 2006                s/Joseph R. McCrorey
Columbia, South Carolina        United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The <u>***Serious Consequences***</u> of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \*\*\* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. \*\*\* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**