

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHAHID L. A. MAJID, | § | |
| a.k.a. Arthur R. Moseley, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:06-2446-HFF-JRM |
| | § | |
| BOJANGLE'S - FAMOUS CHICKEN & | § | |
| BISCUITS # 86, | § | |
| | § | |
| Defendant. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE

This is an alleged tainted food case brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for (1) review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's Complaint be dismissed, *without prejudice*, and without issuance and service of process, and (2) consideration of Plaintiff's Motion for Return of Property. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 7, 2006.  The Clerk entered Plaintiff's objection to the Report on September 15, 2006.

It appears from the objection that Plaintiff does not dispute the recommendation in the Report, but rather requests that the Clerk of Court return "the 2 two boxes of raw chicken . . . so that [his] family can obtain it [and] place it back in [the] freezer until filing in Court of Common Pleas[.]" (Docket Entry 7.)  Plaintiff also asks that copies of certain exhibits and the Complaint be returned. *Id.*  Plaintiff makes similar requests in subsequent filings with the Court. (Docket Entries 8, 9.)  The Court will adopt the Magistrate's Report and address Plaintiff's requests below.

On September 8, 2006, the Clerk of Court received two boxes of Bojangle's chicken from Plaintiff, labeled Exhibit A and B.  (Docket Entry on 09/08/06.)  The Clerk's office contacted the Court and was directed to dispose of the chicken. *Id.*  Before discarding the chicken, however, the Clerk photographed it and placed the picture in the file. *Id.*

Clerks of Court are not trained to handle perishable food, nor should they be.  Such a requirement to preserve unsolicited evidence of this nature would, among other things, harm the efficiency of the Clerk in carrying out his other responsibilities.

Nevertheless, faced with the decision of whether to keep or dispose of the chicken, the Clerk, as already observed, asked the Court for guidance.  Given that it was inherently impractical to preserve or return the chicken via the postal service, the Court instructed the Clerk to dispose of the chicken.  As such, the Clerk of Court acted under direct orders from a judge and, thus, has derivative immunity. *McCray v. State of Maryland.*, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks

have "derivative immunity" when they act in obedience to a judicial order or under the court's direction).

The Court notes that the disposal of the chicken does not heavily burden Plaintiff's case. As a preliminary matter, the Court observes that the chicken's value as evidence is questionable. Plaintiff states that he had kept the chicken frozen for over seven months before shipping it to the Clerk. (Docket Entry 3-2.) This act alone makes the competence of the evidence doubtful. To the extent that the chicken could have been found to be admissible, however, even after having been frozen for over seven months, certainly its worth was greatly diminished as it traveled through the postal system. Moreover, because of the unlikelihood that the chain of custody of the chicken can be established, Plaintiff is unable to demonstrate whether the chicken was harmful at the time that the chicken left Plaintiff's possession or if it was contaminated, for example, by a third party, while in transit to the Clerk of Court.

Although Plaintiff's chicken is no longer available to him, he is not without evidence to use in any upcoming negligence suit which he wishes to bring. For instance, circumstantial evidence can be used to prove a claim such as Plaintiff seeks to establish here. *Miller v. Atlantic Bottling Corp.*, 259 S.C. 278, 282, 191 S.E.2d 518, 520 (1972) (holding that the plaintiff's description of "repulsive" soda that immediately made him nauseated was enough to create an inference of food poisoning, and that expert testimony was not required)*; Turner v. Wilson*, 227 S.C. 95, 102, 86 S.E.2d 867, 870 (1955) (upholding judgment for the plaintiff in a food poisoning case which was based wholly on circumstantial evidence); *Kyle v. Swift & Co.,* 229 F.2d 887, 888-89 (4th Cir. 1956) (stating that circumstantial evidence may consist of proof that other people who ate the same food also became sick).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the matter be **DISMISSED**, *without prejudice*, and without issuance and service of process.

Further, the Court **GRANTS** Plaintiff's Motion for Return of Property to the extent that the Clerk of Court is hereby directed to provide a copy of the photograph of the chicken along with copies of Plaintiff's Complaint, medical files and the Bojangle's sickness forms.

**IT IS SO ORDERED**.

Signed this 10th day of July, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.